By the Court—Hoffman, J.
The constitutionality of the act of 1852, (March 4, Davies’ Laws, p. 1083,) has not been questioned, and is to be assumed until clearly disproved.. It is, then, a restriction upon a previous legal and absolute right to change the grade of streets, as the Common Council might be advised.
The 2d section of that act provides that “ it shall not be lawful for the Common Council to alter or change, in whole or in part, the grade of any street or avenue in the said city now established, south of Sixty-third street, or which may hereafter be established north of Sixty-second street, except upon the written consent of the owners of at least two-thirds of the land in lineal feet fronting on each side of the street or avenue opposite to and adjoining that part thereof, the grade of which is to be changed or altered.”
By the 3d section of this act, where the grade of any street or avenue shall be changed or altered, in whole or in part, “ it shall be the duty of the assessors appointed to estimate and assess the expense of conforming to such change of grade and regulating the street or avenue in accordance therewith, to estimate the loss and damage which each owner of land fronting on such street or avenue will sustain by reason of such change, to such lands or to any improvements thereon; and make a just and equitable award of the amount of such loss or damage to the owner or owners of such lands or tenements fronting on such street or avenue, and opposite thereto, and affected by such change of grade; and the amount of such award shall be included in the expense of such proceeding, and with such expense shall be assessed as provided in the 175th section of the act of April 9, 1813, entitled, *420 ‘ An act to reduce several laws relating particularly to the city of New York into one act.’ ”
This statute has thus provided a Board, not only for assessing adjoining owners for the benefit they may derive from the improvement, but also for ascertaining the damage which may be sustained by adjoining owners. It may well be that, if the plaintiff, or any one similarly situated, had gone before such assessors, proved his damage, and submitted his claim, he might be estopped from urging the present objection. But the Corporation has, in this instancej assumed the performance of the work; resolved that it shall be done at their own expense, and assessors were appointed only to assess upon the owners benefited their respective proportion of the expense. I presume this was done under the 270th section of the act of 1813. (2 R. L., 446.)
The Common Council could only perform the work in question upon obtaining the consent of two-thirds of the owners, as prescribed in the act of 1852. They have done it in an unlawful manner, ' and damage has been suffered by the plaintiff from this unauthorized act. The case appears to be a clear one. Howell v. The City of Buffalo, (15 N. Y., 512,) appears to govern it.
In The Philadelphia and Wilmington Railroad Company v. Quigley, (21 How. U. S. R., 202,) the Court say: “ The powers of the Corporation are placed in the hands of a governing body selected by the members, who manage its affairs and who appoint the agents for the accomplishment of the objects of its being. But these agents may infringe the rights of persons who are unconnected with the Corporation, or who are brought into reía- - tions of business or intercourse with it. As a necessary correlative to the principle of the exercise of corporate powers and faculties by legal representatives, is a recognition of a corporate responsibility for the acts of those representatives.” -
The result of the cases is, that, for. acts done by the agent of a corporation, either ex .contractu or ex delicto, in the course of its business, and of their employment, the corporation is responsible, as an individual is responsible, under similar circumstances.
The action was one of libel. I may observe that the trespass and damage here complained of are the acts of immediate agents of .the Corporation, who acted under its direct authorization.
*421 It is objected that thus the title of a multitude of owners must be searched before an improvement of this nature can be made. So it must be upon opening streets; and the act of 1852 has provided for the difficulty, where the owners to be paid are not designated in the report of the assessors.
The judgment should be affirmed, with costs
Judgment affirmed.